

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**AMATULLAH K. BOOTH**
*Senior Counsel*
Tel.: (212) 356-3534
Fax: (212) 356-3509
abooth@law.nyc.gov

May 18, 2020

**VIA ECF**
Honorable Naomi R. Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Application granted.
>
> *[signature]*
> NAOMI REICE BUCHWALD
> UNITED STATES DISTRICT JUDGE
>
> Dated: May 20, 2020

    Re: <u>Giovanni Rodriguez (a/k/a King Karrot) v. City of New York, et al.</u>
       18 CV 4805 (NRB)

Your Honor:

    I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department representing Detective Bernard Solomon in this matter. Defendant writes to respectfully request that the Court stay the present civil proceeding in its entirety for ninety (90) days, in light of the recent developments surrounding the COVID-19 pandemic. Plaintiff consents to this application.

    By way of background, Plaintiff commenced the instant lawsuit against the City of New York, and Detective Bernard Solomon, alleging, *inter alia*, that on or about May 15, 2017 certain property was unlawfully seized from Plaintiff in connection with Defendant's investigation concerning Plaintiff as a victim of a shooting, and that thereafter Plaintiff was falsely identified as a gang member. (<u>See</u> Amended Complaint dated October 30, 2018, ECF Docket Entry No. 23).

    On July 5, 2019, the City filed a partial motion to dismiss Plaintiff's claims. <u>See</u> Civil Docket Entry No. 41. During oral arguments on the motion, held on February 4, 2020, the Court directed the Parties to file a proposed scheduling order despite the pendency of the motion. <u>See</u> Civil Docket Entry, Dated February 4, 2020. On February 8, 2020, the Parties filed a proposed scheduling order in this action, with discovery closing on June 30, 2020. <u>See</u> Civil Docket Entry No. 48. On February 11, 2020, the Court approved the Parties' proposed case management plan. <u>See</u> Civil Docket Entry No. 49. Thereafter, on March 9, 2020, the Court entered a decision on Defendants' partial motion to dismiss, narrowing the issues to be litigated. Accordingly, on March 23, 2020, Defendants filed an answer related to Plaintiff's remaining claims. <u>See</u> Civil Docket Entry No. 52. Notably, as the Parties sought to diligently pursue discovery, exchanging

1

demands and initial disclosures, the developing of the COVID-19 pandemic gripped our region and has continued to severely restrict personal contact and the operation of business.

Indeed, as the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic.  On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also, on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines.  On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity.  Also, on March 20, 2020 and again on March 30, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters.  To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, although most communication may be exchanged through the use of ECF or email, some correspondence, particularly correspondence pertaining to discovery, still requires the use of regular mail. The undersigned is not physically present to receive mail sent to the office, and therefore is unable to reliably receive correspondence responsive to their requests, including their anticipated requests made to various facilities where Plaintiff has alleged to have had scheduled performances, in connection with completing discovery. Moreover, working from home also complicates sending and receiving correspondence and documents from law enforcement agencies and other agencies and organizations.

Working from home also creates complications in regard to coordinating and taking depositions. The logistical challenges of arranging for remote depositions are always significant and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different technological capabilities. Preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means. Moreover, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a

solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

As another example, working from home creates accessibility problems with regard to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendant from having all the information necessary to, *inter alia*, fully assess cases, respond to Plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the New York City Police Department ("NYPD"), are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days, from today until August 17, 2020, in light of the developing situation surrounding COVID-19. This will give this Office the time and opportunity needed to adjust to these new circumstances.

Thank you for your consideration.

Respectfully submitted,

/s/
_____
AMATULLAH K. BOOTH
Senior Counsel
Special Federal Litigation Division

**To:** (*via* ECF)
KEITH M. SZCZEPANSKI
38-17 52nd Street, 3rd FL
Sunnyside, New York 11104