```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
```

GIOVANNI RODRIGUEZ (a/k/a King Karrot),

        Plaintiff,                       **O R D E R**

    - against -                    18 Civ. 4805 (NRB)

THE CITY OF NEW YORK et al.,

        Defendants.

```
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    **WHEREAS** on March 9, 2020, this Court issued a Memorandum and Order that granted in part and denied in part defendants' partial motion to dismiss plaintiff's first amended complaint, see ECF No. 51; and

    **WHEREAS** plaintiff thereafter filed a proposed second amended complaint that by all appearances sought to (1) replead claims that the Court previously had dismissed with prejudice (i.e., plaintiff's state constitutional and Monell claims);[1] (2) add two new causes of action pursuant to 42 U.S.C. § 1983; and (3) add five additional parties as defendants, see ECF No. 53; and

---

[1] Plaintiff's counsel has since indicated that he was not attempting to replead the Monell claim but that he was seeking only to preserve his right to appeal the Court's previous ruling dismissing that claim. See ECF No. 57, ECF No. 62 at 7. To the extent that was plaintiff's counsel's intention -- and even assuming that repleading the Monell claim in an amended complaint was in fact necessary to preserve his right to appeal the dismissal of that claim, which the Court maintains it was not -- that intention was nowhere indicated either in plaintiff's proposed amended complaint or his related filings.

**WHEREAS** by letter dated July 17, 2020, this Court explained that, due to apparent deficiencies in the proposed second amended complaint, the proposed pleading required briefing by way of a formal motion seeking leave to file a second amended complaint, see ECF No. 56; and

**WHEREAS** in response to the Court's July 17, 2020 letter, plaintiff's counsel filed a pre-motion letter concerning a proposed motion pursuant to Federal Rules of Civil Procedure 59(e) and/or 60 for reconsideration of the Court's July 17, 2020 letter or, alternatively, seeking leave to amend the First Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, see ECF No. 57; and

**WHEREAS** prior to receiving a response to his pre-motion letter either from defense counsel or the Court, plaintiff's counsel filed a memorandum of law, purportedly pursuant to Federal Rules of Civil Procedure 59(e) and 60 and Local Civil Rule 6.3, for reconsideration of the Court's July 17, 2020 letter, see ECF No. 58; and

**WHEREAS** counsel for defendants subsequently filed a letter detailing their opposition to plaintiff's proposed amendments, see ECF No. 60; and

**WHEREAS** even assuming, arguendo, that plaintiff's purported motion for reconsideration of this Court's July 17, 2020 letter

2

was procedurally proper,[2] the reasoning underlying said motion was predicated upon defense counsel having consented to the proposed amendments, see ECF No. 62; and

**WHEREAS** defense counsel's most recent filing indicates that defendants do not so consent, see ECF No. 60, and therefore that the reasoning underlying plaintiff's purported motion for reconsideration is inapplicable to the facts and circumstances of this case, it is hereby

**ORDERED** that plaintiff's motion, styled as a motion for reconsideration, is denied; however, it is further

**ORDERED** that plaintiff is granted leave to file, within 21 days of today's date, a motion to amend his first amended complaint.  The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 57 and 61.

**SO ORDERED.**

Dated:    New York, New York
          August 27, 2020

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[2] By their terms, neither Rule 60(b), which governs final judgments, nor Rule 59(e), which is used to alter or amend a judgment, explicitly controls where, as here, the "decision" being challenged was not a "judgment" at all but rather a letter from the Court declining to endorse a proposed stipulation absent additional explanation and/or briefing.