# LAW OFFICE OF KEITH SZCZEPANSKI
38-17 52nd Street, 3rd Floor, Sunnyside, New York 11104
(917) 586-6493; keith@keithszczepanski.com

June 22, 2021

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Rodriguez v. City of New York et al.*, No. 18-cv-4805 (NRB)

Dear Judge Buchwald:

> **ENDORSEMENT**
>
> Application denied. None of the entities upon which plaintiff proposes to make service is authorized to accept service of behalf of Mr. Mendez. So Ordered.
>
> /s/ Naomi Reice Buchwald, USDJ
> June 28, 2021

This office represents plaintiff Giovanni Rodriguez in the above-referenced matter. We write, pursuant to Section 2A of Your Honor's Individual Practices to respectfully request permission to serve defendant Harry Mendez by alternative service at the office of the Corporation Counsel for the City of New York, One Police Plaza, or the Executive Office of the New York City Employees' Retirement System ("NYCERS"), whichever location the Court deems most likely to apprise him of this action. If granted, plaintiff respectfully requests three business days, starting the day after the Court issues the Order on this motion, to effect alternative service.

*Background*

On May 31, 2018, plaintiff, a musical artist, filed a Complaint with an Order to Show Cause for a Temporary Restraining Order, alleging First and Fourteenth Amendment violations against defendants based on actions that prevented him from performing at two concerts in 2017. Plaintiff's Complaint alleged, *inter alia*, that members of the NYPD, including, Mr. Mendez, communicated to concert promotors and venue owners that he was a "gang member" and concerts would be shut down if he were allowed to perform. *See*, ECF Doc. No. 92, ¶¶ 48-50; 63-83.

On September 16, 2020, defendants' counsel disclosed the identities of the John and/or Jane Doe defendants who allegedly prevented plaintiff from performing at the 2017 concerts. Szczepanski Decl. ¶ 2. On September 18, 2020, plaintiff requested leave to file a Second Amended Complaint ("SAC"), which, *inter alia*, sought to identify several John and/or Jane Doe defendants, including Mr. Mendez. ECF Doc. Nos. 69-70. The Court granted plaintiff's request on February 19, 2021 and the SAC was filed on March 2, 2021. ECF Doc. Nos. 87, 92. Plaintiff, with defendants' consent, requested a thirty-day extension to serve Mr. Mendez on May 24, 2021. ECF Doc. No. 117. The request was granted on May 25, 2021. ECF Doc. No. 118.

*Plaintiff's Attempts to Effect Service on Detective Mendez*

I began communicated with defendants' counsel regarding Mr. Mendez's service address on March 11, 2021. Szczepanski Decl. at ¶ 4-5, 11, Ex. 1. I was told that, because he is retired, Mr. Mendez must consent to One Police Plaza accepting service on his behalf. *Id*. As of morning

Hon. Judge Buchwald
June 22, 2021
Page 2

of May 3, 2021, defendants' counsel had not provided an address to serve Mr. Mendez, and I attempted to serve him at One Police Plaza. *Id*. The NYPD legal department refused to accept service on Mr. Mendez's behalf. *Id*. Shortly after service was refused at One Police Plaza, defendants' counsel emailed me with what she described as Mr. Mendez's last known address. *Id*.; ¶ 11, Ex. 2. On May 7, 2021, I retained a professional process server to effect service on Mr. Mendez at the address defendants' counsel provided. *Id*. ¶ 6. From May 13 through May 20, 2021, on different days of the week and at different times of day, the process server tried to effect service at Mr. Mendez's last known address. *Id*. ¶ 11 Ex. 3. All attempts were unsuccess. *Id*. In light of the failed service attempts, I asked defendants' counsel if she had another address for Mr. Mendez. *Id*. ¶ 7; 11, Ex. 4. She responded that the previously provided address was the only one she had for him. *Id*. I searched court records, publicly available online records, and real estate records, but have not located an alternate address for Mr. Mendez. *Id*. ¶ 9. I have also asked defendants' counsel, on multiple occasions ,if she would accept service on Mr. Mendez's behalf. *Id*. at ¶ 10; 11, Ex. 5. She has repeatedly told me that she is not authorized to accept service. *Id*.

### *Fed. R. Civ. P. 4(e)(1) and New York CPLR 308 (e) Permits Alternative Service on Mr. Mendez*

Under Fed. R. Civ. P. 4(e), an individual "may be served in a jurisdiction of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." "In New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons within the state to a person of suitable age and discretion at the individual's actual place of business, dwelling or usual abode and mailing it to the individual; (3) serving the individual's agent within the state; or (4) affixing the summons to the individual's actual place of business, dwelling or usual abode and mailing it to the individual." *Bozza v. Love*, 15-cv-3271 (LGS), 2015 WL 4039849, at *1 (S.D.N.Y. Jul. 1, 2015) (citing N.Y. C.P.L.R. 308(1)-(4) (McKinney)). "Where service pursuant to paragraphs (1), (2), and (4) is 'impracticable,' service may be made 'in such manner as the court, upon motion without notice, directs . . .'" *Id*. (quoting N.Y. C.P.L.R. 308)).

"Though the impracticability standard 'is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of 'due diligence' under C.P.L.R § 308 (4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statue have been undertaken.'" *Tishman v. Associated Press*, 05 Civ. 4278, 2006 WL 288369, at *1 (S.D.N.Y. Feb. 6, 2006) (quoting *State St. Bank & Trust Co. v. Coakley*, 790 N.Y.S.2d 412, 413 (2d Dep't 2005). "[A] plaintiff seeking to effect alternative service 'must make some showing that the other prescribed methods of service could not be made.'" *S.E.C. v. Nnebe*, No. 01 Civ. 5247, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (quoting *Markoff v. South Nassau Cmty. Hosp.*, 458 N.Y.S.2d 672, 672 (2d Dep't 1983)). "Courts have found the impracticability standard met where, despite a diligent search, a 'plaintiff has demonstrated that her efforts to obtain information regarding the [defendant's] current residence or place of abode through ordinary means . . . had proven ineffectual.'" *Bozza*, 2015 WL 4039849, at *1 (quoting *Franklin v. Winard*, 592 N.Y.S. 2d 726, 726 (1st Dep't 1993)); *accord Nnebe*, 2003 WL 402377 at *3 (collecting cases).

"Service by substitute means is permissible provided it comports with due process by being 'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of

Hon. Judge Buchwald
June 22, 2021
Page 3

the action and afford them an opportunity to present their objections." *Bozza*, 2015 WL 4039849, at *2 (quoting *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987).

Here, I have personally attempted to serve Mr. Mendez at One Police Plaza, his former place of business, retained a professional process server to effect service at his last known residence, and asked defendants' counsel to accept service on his behalf. *See* Szczepanski Decl. ¶¶ 5; 10; 11, Ex. 3. Additionally, I have searched court records, publicly available online records, and real estate records. *See Id*. at ¶ 9. Based on the foregoing, the Court should find that traditional service is impracticable and grant plaintiff's motion for alternative service.

*Bozza v. Love* is instructive in guiding the Court's analysis here. In *Bozza*, plaintiff sought permission to serve defendant by alternative means. 2015 WL 4039849, at *1-2. In support of the motion, plaintiff's counsel submitted a declaration stating that he searched "court records, publicly available online records and news coverage" for defendant's current residence, retained a processional process server to locate defendant, attempted to serve defendant at a public concert, and unsuccessfully attempted to serve defendant at "what may be Defendant's current address." *Id*. at * 2. Ultimately, the Court granted plaintiff permission to effect alternative service at a law firm which represented defendant in another matter, noting "this alternative service is also permissible under CPLR 308(5)." *Id*. (collecting cases).

Here, plaintiff proposes three options for effecting alternative service on Mr. Mendez. First, he proposes serving the office of the Corporation Counsel of the City of New York, as that office is statutorily required to indemnify officers who, like Mr. Mendez, are sued for acts committed within the scope of their employment. Gen Mun. L § 50-k (3). Service on an attorney or law firm has been found to comport with CPLR 308(e). *See Bozza, supra*. Alternatively, plaintiff proposes alternative service on Mr. Mendez at One Police Plaza, as service has been accepted at this location for other retired NYPD officers in this matter. ECF Doc Nos. 108 and 124. Finally, plaintiff proposes serving Mr. Mendez at the Executive Office of NYCERS. As a retired City employee, Mr. Mendez presumably receives a monthly pension check. A copy of the summons and complaint in this matter could be included with a future pension check mailing. According to NYCERS' website, checks are mailed on or about the 28th of each month.

Thus, for the reasons stated above, and in accordance with Fed. R. Civ. P. 4 and N.Y. C.P.L.R 308(e), plaintiff requests permission to serve Mr. Mendez at the office of the Corporation Counsel for the City of New York, One Police Plaza, or the Executive Office of NYCERS, whichever location the Court deems most likely to apprise Mr. Mendez of this action. If granted, plaintiff respectfully requests three business days, starting the day after the Court issues an Order on this motion, to effect alternative service on Mr. Mendez, as the current service deadline is June 30, 2021, along with other and further relief, as may be just and proper

We thank Your Honor for your continued attention to this matter.

Respectfully submitted,
/s/ Keith Szczepanski

cc:   All Counsel of Record (via ECF)